UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON, | No. 2:20-cv-2406-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After the dismissal of his original complaint pursuant to 28 U.S.C. §1915A, he has filed an amended complaint.[1] ECF No. 11. He has also filed a motion to transfer venue. ECF No. 16. As discussed below, only plaintiff's Eighth Amendment claims against defendants Taylor and Meat survive screening; all other claims are dismissed with leave to amend and the motion to transfer venue is denied.

### Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.[2]  28 U.S.C.

---

[1] Accordingly, the February 1, 2021 findings and recommendations recommending that this action be dismissed are vacated (ECF No. 10).

[2] Plaintiff was confined to a state prison when he commenced this lawsuit. *See* ECF No. 1.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff claims that on the evenings of November 18, 19, and 20, 2020, defendant correctional officer Taylor refused to provide plaintiff with his evening meal, even throwing plaintiff's food tray on the floor of plaintiff's cell. ECF No. 11 at 3, 6, 8. Plaintiff complained to Taylor's supervisor, officer Meat, but Meat did nothing to stop Taylor's behavior. *Id.* at 8. Liberally construed, these allegations state a potentially cognizable Eighth Amendment claim against defendants Taylor and Meat. *See Taylor v. List*, 880 F.2d 1040, at 1045 (9th Cir. 1989) (supervisors are liable for constitutional violations of their subordinates if they know of the violations and fail to act to prevent them).

Like the original complaint, the amended complaint again references "retaliation." However, plaintiff does not allege any facts to support a First Amendment retaliation claim. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005).

The amended complaint lists numerous defendants that plaintiff seeks to hold liable simply because of their supervisory roles at California State Prison, Sacramento. However, there is no respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, claims against defendants Warden Jeff Lynch, J. Clawson, J. Polich, T. Foss, Wesley, and Beyer, are dismissed.

Plaintiff also seeks to hold defendant Marshall liable because plaintiff was dissatisfied with his handling of plaintiff's administrative appeal. ECF No. 11 at 6. This is not a proper basis for liability on a federal civil rights claim. Any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements

regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For this reason, claims against defendant A. Marshall are dismissed.

The caption of the amended complaint lists Lindquist, Hubbard, Johnson, and Flores as additional defendants. However, plaintiff has not alleged how any of these individuals personally violated his rights and their supervisory roles alone are not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, claims against defendants Lindquist, Hubbard, Johnson, and Flores are also dismissed.

Plaintiff may either proceed with this lawsuit on his Eighth Amendment claim against defendants Taylor and Meat only, or he may amend his complaint to attempt to cure its deficiencies. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### Motion to Transfer Venue

Plaintiff moves to transfer venue to the Central District of California because his parole conditions limit his ability to travel more than fifty miles from his residence. *See* ECF No. 16 (while plaintiff states he is homeless, he has provided the court with an address based in San Bernardino, California).

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The Eastern District of California is the only proper venue for this case. Plaintiff's claim arose at California State Prison, Sacramento, where each of the defendants worked and presumably reside. Plaintiff's residence (or parole restrictions) is irrelevant in determining proper venue. Thus, plaintiff's motion to change venue (ECF No. 16) is denied.

### Conclusion

Accordingly, it is ORDERED that:

1. The February 1, 2021 findings and recommendations (ECF No. 10) are VACATED.
2. Plaintiff's amended complaint (ECF No. 11) alleges, for screening purposes, a potentially viable Eighth Amendment claim against defendants Taylor and Meat.
3. All other claims are DISMISSED with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

/////

     4.     Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the potentially cognizable claims against defendants Taylor and Meat or file a second amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

     5.     Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

     6.     Plaintiff's motion to transfer venue (ECF No. 16) is DENIED.

DATED: March 19, 2021.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-2406-JAM-EFB P<br><br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　(1)　_____ proceed only with the Eighth Amendment claim against defendants Taylor and Meat.

　OR

　(2)　_____ delay serving any defendant and files a second amended complaint.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

6